## Appeal of Wayne Township School District et al.

*Harold F. Mook*, for appellants.

*S. A. Sisson*, contra.

COPELAND, P. J., tenth judicial district, specially presiding, January 21, 1935.—These cases came before us on motions in each of the above captioned numbers, to strike off the appeals taken by the School District of the Township of Wayne and the Township of Wayne, respectively.

The School District of Wayne, by appropriate action and pursuant to a resolution duly passed and entered on the minutes of the said school district on February 19,

1934, duly authorized and directed that an appeal be taken from the action of the County Commissioners of Erie County, sitting as the board of revision and fixing the valuations for the Township of Wayne for the triennial year beginning with the year 1934; and likewise, by appropriate action of the Board of Supervisors of the Township of Wayne, on February 20, 1934, a similar appeal was directed to be taken on behalf of the Township of Wayne, from the action of the said board of revision, fixing the valuations for the triennial years, beginning with the year 1934.

These appeals were taken pursuant to section 520 of the Act of May 22, 1933, P. L. 853, which provides as follows:

"Appeals by Municipalities.—The corporate authorities of any city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom to the proper board of revision, court of common pleas or the Supreme or Superior Court, in the same manner, subject to the same procedure, and with like effect as if such appeal were taken by a taxable with respect to his property."

This provision is a reënactment of the Act of May 10, 1921, P. L. 441, sec. 1, which was repealed by the Act of 1933.

The question raised on this motion to strike off the appeal, as we gather it from the respondent's motion and the argument of counsel, turns on whether or not the appellants, or either of them, have been "aggrieved" by the action of the board of revision, the act providing that such corporate authorities "which may feel aggrieved by any assessment of any property or other subject of taxation . . . shall have the right to appeal therefrom . . . in the same manner, subject to the same procedure, and

with like effect as if such appeal were taken by a taxable with respect to his property."

It is significant that section 518 of this Act of 1933 provides with relation to the appeal of the owner of real estate on an appeal to the court that:

". . . the court shall proceed . . . to hear the said appeal and the proofs in the case, and to make such orders and decrees touching the matter complained of as to the judges of said court may seem just and equitable, having due regard to the valuation and assessment made of other real estate in such county or city".

It is significant that in section 302 of this act it is made the duty of the assessors, to "assess and value every separate lot, piece or tract of land with the improvements thereon . . . at the rate or price which you shall, after due examination and consideration, believe the same would sell for if sold singly and separately at a bona fide sale, after full public notice".

In section 501 it is made the duty of the county commissioners, sitting as a board of revision, each to take an oath as follows:

"I will faithfully, and to the best of my knowledge and judgment, revise, correct and equalize the valuation of all property taxable by law . . . in . . . county".

It is, therefore, clear that under the law it is made the duty of the assessor to value all the real estate at its market value and it is the duty of the county commissioners constituting a board of revision to revise, correct, and equalize the valuation of all property taxable by law in the county. These are the standards by which a property holder must be assessed for taxable purposes.

Neither the Act of May 10, 1921, P. L. 441, nor section 520 of the Act of May 22, 1933, P. L. 853, has been passed upon by any of the courts of this Commonwealth, so far as we are aware.

Paragraph 7 of the appeal of the school district sets forth:

"That the several assessments and valuations (Exhibit A) so set, fixed, adopted and certified by the respondents are grossly excessive and oppressive, they are not uniform with other valuations throughout the County of Erie, they were adopted arbitrarily and without regard to the actual value at such rates and prices for which the several properties so assessed would bona fide sell, and taxes assessed on such valuations will deprive your petitioner and the several property owners so assessed of their properties without due process of law."

It is to be remembered that no specific form of appeal is provided for in the Act of 1933, except that in section 518 the appellant was required to present "a petition signed by him, his agent or attorney, setting forth the facts of the case". This seems to have been done in both of these appeals, the petitions consisting of a recital of the assessment of the property in Wayne Township as adopted by the board of revision, a statement of the true bona fide market sale value and 60 percent of the actual value being the applicable percentage of valuations for assessment purposes in the County of Erie.

If the appeals were taken by the respective property holders whose properties are alleged to have been valued in excess of what they would sell for at a bona fide sale after public notice, the motion to strike off the appeal would be of no avail, but here we have an appeal by the school district and the township for and on behalf of each unit covering the Township of Wayne as a whole. Has the School District of Wayne or the Township of Wayne been aggrieved by any assessment of property or subject of taxation by the board of revision?

It is specifically averred in paragraph 7 of the petition of the school district that the board of revision's assessments in Wayne Township "are not uniform with other valuations throughout the County of Erie." This statement must be taken as a verity on this motion to strike off the appeal.

It is also averred in paragraph 9 inferentially that the board of revision raised the returns as made by the assessor.

In 44 C. J. 735, sec. 3246, under the title "Municipal Corporations" and "Who Entitled to Review" assessments, it is said:

"In accordance with well settled principles to entitle one, even though a party, to an appeal or writ of error, it is essential that he shall have an interest in the subject-matter of the suit, and that his rights shall be prejudicially affected by the judgment."

In so far as we have been able to investigate, the word "aggrieved" in connection with a situation such as confronts us, has never been passed upon by any of the courts.

In 2 C. J. 973, it is said:

"An aggrieved party or person is one who is injured in a legal sense; one who has suffered an injury to person or property."

It is specifically averred in the appeal of the school district in paragraph 7:

"That the several assessments and valuations . . . fixed . . . by the respondents are grossly excessive, they are not uniform with other valuations throughout the County of Erie, they were adopted arbitrarily and without regard to the actual value at such rates and prices for which the several properties so assessed would bona fide sell and taxes assessed on such valuation will deprive your petitioner and the several property owners so assessed of their property without due process of law."

In paragraph 8 it is averred:

"That the valuations and assessments so set and certified are too high and excessive; that a majority of the taxpayers of said township and your petitioning school district will be unable to pay them."

It is said in paragraph 9:

"That your petitioner as a school district is specially affected adversely by the said assessment because if the

assessment should stand as set and certified by the respondents, the school district will only receive as State aid from the Commonwealth of Pennsylvania about 60 percent of the amount required for teachers' salaries and school bus expense whereas if the assessments originally returned by the township assessor (or less) which would be more fair, equitable, accurate and in compliance with the law, ultimately is adopted, then the school district will receive approximately 75 percent of that said expense from the Commonwealth as State aid. This difference in amounts received as State aid is approximately $1300 a year to the school district."

It is also said in paragraph 10:

"That the amount of State aid received by the school district is determined by the Department of Public Instruction of the Commonwealth of Pennsylvania according to the assessed valuations of the respective districts and the greater the assessed valuations total, the less is the percentage of State aid received."

It would, therefore, seem from a recital of these respective paragraphs in the petition of the school district that the school district was aggrieved by the action of the board of review, and that, therefore, the motion to strike off the appeal, in so far as the school district is concerned, should be dismissed.

In so far as the motion applies to the appeal of the board of township supervisors, the same precise situation as confronts the school board does not exist. However, in view of the fact that the motion to dismiss the appeal of the school district is refused, the same order should likewise be made in so far as the board of supervisors is concerned.

This will bring the whole matter before the court on both of these appeals, and if it should, in fact, appear hereafter, that neither the school district nor the board of township supervisors were adversely affected or "ag-

grieved" by this assessment, then another situation may be presented to the court.

And now, to wit, January 21, 1935, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the rule in each case heretofore granted to show cause why the appeals of the School District and the Township of Wayne, Erie County, should not be dismissed be and the same is hereby discharged, and the petition in each case on which the rule is founded be and the same is hereby dismissed at the cost of the County of Erie.